UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.    5:09-CR-129-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DANNIE SIMON PARKER | ) | |

This matter is before the court on defendant's letter filed 14 July 2010, which the court construes as a motion for credit for prior custody. Defendant claims he has not received credit for time he spent in custody in a state facility toward his sentence in this case.

According to information contained in defendant's presentence report (adopted by the court without objection of defendant), in 1995, defendant was convicted in this district of bank robbery and sentenced to 96 months imprisonment. See Case No. 4:94-CR-67-H (EDNC). While incarcerated, defendant was convicted of two felony offenses. In 1996, defendant was convicted of possession of marijuana while in prison and sentenced to 12 months imprisonment, consecutive to his 1995 sentence. See Case No. 1:96-CR-401-FMH (ND Ga). In 2002, defendant was convicted of possession of a prohibited object (heroin) by an inmate and sentenced to 54 months imprisonment, consecutive to the 1995 and 1996 sentences. See Case No. 1:01-CR-225-HC (ED Tx).

In October 2008, defendant was transferred to a Bureau of Prisons Community Corrections Management facility in this district, Cavalcorp. On 7 November 2008, while on leave from Cavalcorp, defendant robbed a bank. On 8 November 2008, state authorities arrested defendant. Defendant remained in custody in a state facility until 29 May 2009, when he was

arrested for charges in this case, after the state dismissed its charges. In January 2010, the undersigned sentenced defendant to 120 months imprisonment. Defendant claims he should receive credit on this sentence for the period from 8 November 2008 (his arrest by state authorities) to 29 May 2009 (his arrest by federal authorities).

Under 18 U.S.C. § 3585(b), a defendant must be given credit for time spent in custody prior to the time he is sentenced "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This statute is inapplicable because when defendant was in custody from 8 November 2008 until 2 July 2009, that time was credited against his 1996 and 2002 sentences. Defendant completed those sentences on 2 July 2009. Thus, on 3 July 2009, he began receiving credit towards his sentence in this case.

Defendant's motion is DENIED.

This 19 October 2010.

_____
W. Earl Britt
Senior U.S. District Judge

2